UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL ELLIOT POWELL**, <br><br> Plaintiff, <br><br> v. <br><br> **BOND NO. 21059972,** <br><br> Defendant. | 2:23-CV-11504-TGB-EAS <br><br><br> **OPINION & ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE** |

Plaintiff Michael Elliot Powell attempts to present himself as "The People of the United States, for the Use of Michael Elliott Powell." ECF No. 1, PageID.1. Powell, an individual without a lawyer, filed a complaint on June 26, 2023, against "Bond No. 21059972" ("Defendant"), listing the Wayne County Prosecutor's Office as the Defendant's attorney. ECF No. 1, PageID.18. The Court has reviewed the Complaint and Powell's subsequent filings. Though much of the Complaint is incomprehensible, those parts of it that can be understood are without merit. *See* ECF No. 7, PageID.62.

Further, the matter has remained inactive since August 2023, and Powell has not responded to the Court's order, filed on February 9, 2024, directing him to show cause why it should not be dismissed for failure to prosecute. *See* ECF Nos. 18, 19. For the reasons below, the matter will be **DISMISSED WITHOUT PREJUDICE**.

## I. DISCUSSION

The complaints of litigants without lawyers are construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Nonetheless, they must comply with Federal Rule of Civil Procedure 8(a), which requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Fed. R. Civ. P. 8 does not require "detailed" factual allegations, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). A complaint is considered "frivolous" and subject to dismissal if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319 (1989).

Powell's action appears to be one of the growing number of cases filed by litigants involved in the sovereign citizen and redemptionist movements. *See Moors on behalf of Grady El v. Canton Police Dep't*, No. 20-CV-10361, 2020 WL 2308679, at *1 (E.D. Mich. May 8, 2020) (noting uptick of these cases in federal courts). Because its claims are frivolous and nonsensical, the complaint is subject to dismissal.

Legal arguments that "directly correspond to meritless rhetoric frequently espoused by tax protesters, sovereign citizens, and self-proclaimed Moorish-Americans," *United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017), cannot be permitted to consume the resources of the Court and "should be rejected summarily, however they are presented,"

*United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011). Powell's claims state no legally plausible theory but are patently frivolous and should not be permitted to consume the resources of the Court or the other parties.

Moreover, Powell has taken no action since August 3, 2023. *See* ECF No. 17. On February 9, 2024, the Court ordered Powell to show cause, in writing, why the case should not be dismissed for failure to prosecute. ECF No.19. A copy of the Court's order was mailed to Plaintiff's address, but Plaintiff has not acknowledged receipt or responded in any way.

As part of its inherent authority to manage its docket, the Court can dismiss a complaint sua sponte for failure to prosecute. Fed. R. Civ. P. 41(b); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999).

## II. CONCLUSION

Accordingly, it is **ORDERED** that the above-captioned case shall be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

**SO ORDERED**.

Dated: June 7, 2024        BY THE COURT:

/s/Terrence G. Berg
HON. TERRENCE G. BERG
United States District Judge

3